Carpenter, J.
The great question, in this cause, arises upon the construction of the will of Joseph Brittain, the elder, deceased • the lessors of the plaintiff being the grand-children of the said devisor. The first devise to Isaac and to Joseph, it is admitted on the strength of late decisions, conveyed to them severally, a defeasible fee. The first clause, although it contains no words of inheritance, would clearly convey a fee, on the strength of the introductory words in the will and by the force of the word estate,. This prefatory clause, prefixed to a devise of real estate, shows that the testator intended to part with his whole interest, and the subsequent words will therefore, if possible, be construed so as to pass an estate in fee and prevent an intestacy as to any part of his property. It is “ for the settling of his temporal estate,” that the testator proceeds “ to order and dispose of the same in manner ” following, &c. It is true that on a limitation over on failure of issue, the doctrine held has, by implication, cut down the estate given from a fee to fee tail; the words dying without issue, when applied to real estate, being held to import an indefinite failure of issue. Such is still the construction, when there are no expressions in the will controlling the legal meaning of the word, and pointing to a definite, rather than an indefinite failure of issue. The rule of law is the same in this country as in England, although it would seem to be here of not quite so stubborn and inflexible a nature, and more easily turned aside by the force of slight additional expressions in the will. In this state, the words creating the remainder over being, “ if any of the children &e. should happen to die without any issue alive, such share to go to the survivors ; ” such devise has been held a fee simple defeasible, with a remainder over by way of executory devise. Den v. Schenck, 3 Halst. 29. And now in this state, as well as in the courts of other states of this country, the word “survivor,” or other words of similar import, when used in connection with the words “ dying without issue,” take the case out of the general rule, and give to the first devisee a fee simple, determinable by his death without issue then living. Den v. Allaire, 1. Spencer R. 6. On the doctrine established in this *416 state by the case last cited, the primary devise of the premises, to Isaac and to Joseph, doubtless conveyed a fee simple to each in one moiety thereof, with remainder over to the survivor, “ if they both should arrive to the age of twenty-one years, and either of them should die without issue.” The difficulty is — what estate did the survivor take, in the moiety so limited over, on the death of one of the devisees, without issue? It is admitted, that unless the remainder over to Joseph the survivor is construed an estate for life with remainder to his heirs as purchasers; or unless construed an estate tail, the plaintiff cannot recover. That if such remainder be held to be a fee simple, the plaintiff has no right to recover in any aspect of this case, and independent of any question upon the.statute of limitations.
The devisees were of tender age, at the death of the devisor, but both lived to the age of twenty-one years, and entered upon the possession of the premises contained in the devise. Shortly after they had reached the age of twenty-one years, to wit on the 28th of March 1774, they made partition of all the real estate so required, and executed releases, each to the other. No question of estoppel can be raised in this case by the operation of these releases. They were pure releases, and in the recital, the object was declared to be to divide the premises, then previously held in common. The operation and legal effect of any instrument depend upon the intention of the parties, and that intention in the present case, upon the face of the instrument, was simply to divide the premises. It was a mere partition, and that partition produced no effect upon, or alteration of, the estate of the respective parties. It severed the possession, but did not alter the estate; each, instead of being seized of an undivided moiety, became seized in entirety of one half part, and that occupation and estate, which before were in common, became several and distinct. Den v. Camp et al. 4 Har. R. 148. Doe v. Dixon, 5 Adolph and Ellis, 834. 31 Eng. Com. L. Rep. 451.
The argument is, that Isaac and Joseph,'having both attained the age of twenty-one years and Isaac having died without issue, Joseph surviving, that the survivor took an estate for life; or at most an estate tail.
The first idea that will strike any one, attempting to put a con *417 strnotion on the words of this devise, and not immediately weighing the nice import and technical meaning of these words, will be, can the testator have intended to give a different estate, in the successive dispositions of this property ? Can he have intended to give the survivor in one moiety an absolute estate in fee ; and on the death of the brother without issue, to restrict his estate in remainder in the other moiety of the same premises, to an estate for life, or in tail ? Doubtless such remainder, by way of executory devise, would be good in law. By an executory devise a fee, or other less estate, may be limited after a fee. 2 Bl. Com. 173. But I think it would require a disposition by clear, unquestionable, legal phraseology, to produce the conviction in the mind of the inquirer, that such an incongruous intention could have been within the mind of the testator. I think, indeed it may be assumed that the testator intended to give the same estate and interest to those who would or might take under these successive dispositions, and that the court will give effect by its construction, to such intention unless there be clear words to the contrary.
Under a former construction, perhaps now held in the English courts, and by which the primary devise would have been held an estate tail, no difficulty would be found in maintaining a consistency of disposition in the successive devises, and giving effect to this supposed intention. In such case, the first devise over on the death of either before attaining the age of twenty-one years, might be construed an estate tail in the survivor ; the words “ that the part, share, and portion of him so dying, shall go to the survivor,” clearly meaning that the same estate, which the person so dying had in the premises, should go to the survivor. So, upon the same principle, in the case of the second disposition over, when both had arrived at the age of twenty-one years, and one had died with out issue, the brother surviving. Besides under the doctrine assumed, as applied to the primary devise, the survivor would further take an estate tail, by the force of the words “ to the survivor and his issue which words in a will clearly import such an estate; and this, independent of the fact of there being issue of the devisee living at the time of the devise or at any other period. See 2 Pow. on Devises, 507. 22 Law Library, for the effect of the word li Issue.” The words of limitation in fee, supposing them restricted *418 to the devise to the survivor and his issue, would not vary the construction in the case supposed. They would be merely rejected as repugnant. Franklin v. Lay, 2 Bligh, 59 note, cited, 2 Pow. Dev. 514, 22 Law Lib.
This estate in remainder cannot be to Joseph the survivor and his issue, as tenants in common. Such construction could not be supported, under the.rule in Wild’s case, 6 Reports 17, even by giving the word “ issue ” the meaning and effect of “ children because those issues were not in existence at the time of the devise, nor at the time of the death of the testator. Nor do I perceive that by any construction, the remainder to- Joseph, the survivor, can be for life only; for if for life only, with remainder to his issue, by the operation of the well known rule in Shelley’s case, it would become an estate in fee or in tail, according to the effect of the supposed remainder over. “ When the ancestor, by any gift or conveyance, takes an estate of freehold, and in the same gift or conveyance, an estate is limited either mediately or immediately to his heirs in fee or in tail; that always, in such cases, the word heirs is a word of limitation of the estate, and not a word of purchase.” Ram. on Wills, 111, 8 Law Lib. Thus, where a testator devised to a nephew for his natural life, and after his decease to the issue of his body and the heirs of the body of such issue, it was held, that the nephew took an estate tail j and that when the ancestor takes an estate of freehold, if the word issue in a will comes after it, it is a word of limitation. Roe v. Grew, 2 Wilson, 322. In this case, Gould, J. observed that the word “ issue ” is' used in the statute de donis, promiscuously with the word “ heirsthat the term issue comprehends the whole generation as well as the word heirs, 'and in his judgment, was more properly a word of limitation than of purchase. Thus in a case (incomparably stronger than the present, as to construing the estate of the first taker an estate for life,) under a devise to A. for life, and after his decease to and amongst his issue, and in default of issue over, it has been held that A. takes an estate tail. Mr. Justice Grose said, that there is no case in which issue has been determined to be a word of purchase, unless coupled with other words expressing such an intent. Doe v. Applin, 4 T. R. 82. There are difficulties on this point; but such will *419 appear, I think, upon reference to the authorities to be the general doctrine; and the cases cited, inconsistent with that general doctrine, either have not been followed, or have been decided upon some words of modification, inconsistent with an estate of inheritance in the ancestor. But I have cited these cases and examined this doctrine, in order to show, that the remainder to the survivors, on the death of Isaac without issue, cannot be an estate for life, but must be either an estate in fee or in fee tail.
Starting then on the principle that the primary devise to Isaac and Joseph is clearly a fee simple defeasible, let us examine whether this remainder be in fee or tail. First then there is no limitation over in default of issue of such survivor. Independent of the incongruity of a devise in fee to Joseph of one moiety, with a remainder over to him in tail in the other moiety in ease of the death of Isaac without issue; unless this remainder be construed to be in fee, there would be a plain possibility of the testator dying intestate as to a portion of this estate, which, in the introductory clause, he had declared his intention to dispose of. Such result cannot be supposed to have been intended by the testator. It is his estate that he intended to dispose of; it is his estate in the premises that he first devises to Isaac and Joseph, and it is the part of Isaac in that estate, that, on his death without issue, he gives by way of executory devise over to the survivor. Such construction will, if possible, be given as will prevent such intestacy. This intention of the testator, if ascertained, is to be carried into effect, although he might have been ignorant of technical language, and have used it improperly, if such construction be possible within the rule of the law. I see no such impossibility in the present case. The order in which words stand in a will, is not material, provided the intention be ascertained. Now the habendum clause, as it may be called, I suppose to have been used by the testator, reddendo singula singulis, as applicable to each of the successive estates of inheritance in this devise — first to the sons — then in case of either dying without issue, to the survivor — as a formula to more clearly designate the estate in fee simple successively devised. But, if intended to apply only to the last clause in favor of the survivor and to *420 designate the estate given by that clause, it imports an estate in fee, and that estate, perfectly consistent with the general intention of the testator, by the operation of the rule already adverted to, is vested in the first taker under this clause. Any ineonsisent expressions, by which an estate for life might be inferred or construed, must give way to the rules of law, and such estate for life be turned into an estate of inheritance; in this case, an estate in fee simple. I am of opinion, therefore, under the rules of construction adopted in this state, that the remainder over, as well as the primary devise, must be construed a fee simple, and that for this reason the plaintiff is not entitled to recover.
The result, to which I have arrived upon the construction of the above devise, renders unnecessary any discussion of the questions raised under the statute of limitations ; if that be an open question in this court. The remainder being held to be a fee simple, the title, as conceded, is out of the lessors of the plaintiff, and the plaintiff therefore cannot recover. I am of opinion that the judgment should be affirmed.
Randolph, J.
Two questions were raised in the argument of this cause — 1st. What estate did the devisees take under the will of Joseph Brittain, the elder ? 2d. Were the rights of the lessors of the plaintiff, or of any of them barred by the statute of limitations ? As to the estate devised, whether it be for life, in tail, or a defeasible fee, Joseph and Isaac took equal interests; but the latter having died without issue, after he arrived at the age of twenty-one years, his share went to the surviving brother, under the will. In the argument it was admitted on both sides, that, under the decision of this court in Den v. Allaire, 1 Spencer R. 17, Joseph and Isaac took a contingent determinable fee ; that Joseph having arrived at the age of twenty-one years and died leaving issue, this contingency never happened, and his estate became absolute; but, that Isaac having departed this life without issue, after he arrived at twenty-one, the contingency happened in his case, and his share went over to the surviving brother, either for life or in tail as contended for by the plaintiff, or in fee as insisted on by the defendant; if either of the former, the plaintiff is entitled to recover; if the latter, the estate is not *421 3n the plaintiff and the action fails. Sound construction will require, that the habendum clause, as it has been termed, should be considered as if it had been transposed, so as to come in directly after the original devise; the very fact, that it is a kind of habendum clause shows tiie intention to appropriate it to the original devise for the purpose of designating the estate devised, and not that it should be applied to some remote contingency. It can hardly be presumed that an express clause, designating a fee simple, should have “been intended to apply to a remote contingency, that might never happen, whilst the main devise itself is left to mere implication for the character of its estate; besides, if the habendum clause is left to stand at the end of the devise, it can only apply to the last contingency, leaving the first without words of inheritance; thus creating a difference in the two contingencies, which could never have been intended. Under this view of the case the devise might be considered as reading thus ; “ I give and bequeath to my two sons Isaac and Joseph, to hold to them their heirs and assigns forever, my house and lot in Trenton, with all the rest of my lands and all the remaining part and residue of my estate, to be equally divided between them, when they shall arrive at the age of twenty-one years ; but if either of them shall die before he arrives at that age, that then the part, share or portion of him dying shall go to the survivor of them ; and if after they arrive to said age either of them shall die without issue, his part shall go to the survivor and his issue.” This would, in the first instance, create a fee simple in the devisees, but, by the subsequent portion of the clause, the estate would be reduced, by force of the word survivor, to an executory devise according to Den v. Allaire, 1 Spencer 6; and Anderson v. Jackson, 16 Johnson R. 382, and other numerous authorities relied on by the courts in those eases. That is, that the devisees would each lake an estate in fee, subject to be defeated upon his dying after he arrived to twenty-one without issue living, at the time of his death, so as to prevent the estate going to the survivor; which event occurred as to Isaac, one of the devisees, and his share went over to his surviving brother Joseph ; but whether to him for life in tail, or in fee is the question. If the word issue is to be considered, in this clause, a *422 word of purchase, then the plaintiffs would have a right to recover, but if it is to be considered a word of limitation, then the action fails. The word issue is an ambiguous term; it is confined sometimes to children and sometimes extends to all descendants, 3 Ves. and Beam R. 67. Intention is necessary to restrain it, 17 Ves. R. 482. Chief Justice Wilmot, in 2 Wilson 322, says, “ the word issue in a will is either a word of purchase or limitation as will best effect the intention of the testator; ” and to the same effect are the cases cited in 6 Cruise Dig. 299. In Archer’s case, 6 Rep. 16, it was held, that in a devise to A. and his issue, A. took an estate tail. The casein hand is “ to the survivor and his issue,” and might be considered as governed by the rule in Archer’s case, were it not that a more potent rule, to wit, that of intention must prevail, as it did in fact in Archer’s case. It is manifest from the whole will, and particularly from the devise to Isaac and Joseph, that the testator intended to devise his whole estate, that is, to dispose of the fee simple in some way ; he devises the house with all the rest of his land and residue of his estate, in the first place, to his sons in fee; but, recollecting that they were children and might die in their infancy and without issue, he provided that, if either so died, then his share or portion was to goto “the survivor of them.” 'But how? for there are no words of inheritance or limitation. Manifestly in fee, in the same way he intended the deceased to have enjoyed it, if he had issue. It must be so, or for life, in which case the devise would have run out and the estate gone back to the heirs of the divisor; this, of course, never could have been the intention of the testator. In a will words of inheritance are not necessary, if the intention to create a fee is apparent. In Jackson v. Merrill, 6 Johnson’s R. 185, the conclusion of the devise was, “ If any of my children die before they shall come of age, their part shall be equally divided among the rest; ” it was held that the survivors took a fee; and so in Jackson v. Staats, 11 John. R. 337, under the clause, “ if any one or more happens to die without heirs, then his or their part to be equally divided among the rest of the children,” a fee passed. If then under this first contingency a fee would pass to the survivor without any words of inheritance, the case is stronger under the last *423 contingency, which is “ to the survivor and his issue.” The word issue, in this instance, must be taken as a word of limitation to effect the intention of the testator, whose object was to give to each of his sons, in equal shares, an estate in fee simple, but in case of the death of either without issue, then the survivor and his heirs to have the whole; grand children not being so much the object of the testator's bounty, as it was his intention that their existence should be essential to enable the sons to enjoy the full benefit of the devise. This construction is in accordance with the leading cases cited by the plaintiff's counsel, in which the word issue was construed to be a word of purchase, because that was necessary to effect the intention of the testator. Thus in Doe v. Collins, 4 T. R. 297, the devise was to “ S. during the term of her natural life, and after her decease to the issue of her body lawfuly begotten and their heirs forever •” the word “ issue '' was here held to be a word of purchase, and that S. took m estate for life according to the intention of the testator. Lord Kenyon giving this reason for his opinion ; “in a will, * issue ’ is either a wórd of purchase or limitation as will best answer the intention of the devisor, though in the case of a deed it is universally taken as a word of purchase.” And in King v. Burchall, Ambler 379, cited at large in a note to the last case, Lord Keeper Henly, in giving his opinion, says “ they found their argument for its being an estate for life on the word issue being technically a word of purchase, and on the superadded words of limitation, and they compared this case to Laddington v. Kime amongst many other cases. The true answer is, there can be no technical words in a will; but they are to be construed according to the intention of the parties.” The devise, in this case, was to J. II. for life, the remainder to the issue male of the body of J. H. and to his and, iheir heirs, and for want of issue then over to W. K. in fee; the word issue was held to be a word of limitation, and J. II. took an estate tail and the superadded words, to his and their heirs, were rejected. So in Rogers v. Rogers, 3 Wendell 503, the devise was to A. B. for life, and after his death to the children of his body, and then followed the habendum clause, to A. B. for life, and after his death to the heirs of his body and their heirs, and it was sought, under the habendum clause, to *424 give A. B. an estate tail by virtue of the rule in Shelley’s case, but the court decided that he took an estate for life; not because, the limitation of the habendum was to the heirs of his body and their heirs, but because the words heirs and children in this devise must be considered synonymous, and both, words of purchase, to carry out the testator’s intention ; otherwise A. B. would have taken an estate tail, contrary to both the letter and spirit of the devise; and in Laddington v. Kime, 1 Lord Ray. 203, the devise was to E. V. for life without impeachment of waste, and in case he should have issue male, then to such issue male and his heirs forever; under the idea that issue male was equivalent to heirs male of his body, it was sought to give E. V. an estate tail, but it was decided that he took an estate for life according to the plain intention of the devisor, and to effect that intention the word issue was construed to be a word of purchase, or a description of the person, “ because,” says Raymond, “ he added a farther limitation to the issue, viz., and to the heirs of such issue forever; but Salkeld, in his report of the same case, 1 Salkeld 224 says, “ Powell held the express estate for life not destroyed by the implication that arose on the latter words following, so that A. was only tenant for life; and the rather, because the words, viz., impeachment of waste and for life, must be rejected in that case.” It must also be borne in mind that in all of these cases cited, an estate for life was expressly given, and the effort was to defeat the intention, by construing the word issue to be a word of limitation, and so giving the first devisee a larger estate than was intended by the will; but to carry out that intention the courts construed the word issue to be a word of purchase. In the present case, the effort is the reverse; that is, to construe the word issue a word of purchase; but as I conceive that would destroy the intention of the devise, it is construed to be a word of limitation ; and as the plaintiff can take no estate under this devise, and must therefore fail in his suit, it is not necessary to examine or give any opinion on the other point, viz., the statute oflimitations, and the decision of this court in Clark v. Richards, 3 Green 347. Let the judgment be affirmed.
Judgment affirmed.
Cited m Morehouse v. Cotheal, 1 Zab. 490.